UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALJYROSS LAURE SMITH | CIVIL ACTION |
| VERSUS | NUMBER: 21-0947 |
| THIBODAUX POLICE DEPARTMENT, ET AL. | SECTION: "J"(5) |

**REPORT AND RECOMMENDATION**

Using the standardized form that is provided to state prisoners for filing suit pursuant to 42 U.S.C. §1983, the above-captioned matter was filed *in forma pauperis* ("IFP") by *pro se* Plaintiff, Aljyross Laure Smith, against Defendants, the Thibodaux Police Department ("TPD"), the Lafourche Parish District Attorney's Office ("LPDAO"), and Judge John LeBlanc of the Seventeenth Judicial District Court for the Parish of Lafourche, State of Louisiana. (Rec. docs. 4-1, pp. 1, 4;6).

Plaintiff is an inmate of the Lafourche Parish Correctional Complex since his arrest on unidentified criminal charges on September 16, 2020. (Rec. docs. 4, p. 1; 4-1, p. 3). Plaintiff alleges that he was arrested by the TPD based on hearsay evidence and with little investigation and that he is being wrongfully incarcerated for a crime that he did not commit. (Rec. doc. 4-1, p. 4). Plaintiff further complains that the LPDAO has opposed a reduction in the amount of his bond and continues to hold him based upon insufficient evidence and the fact that he has been "set up." (*Id.* at p. 5). Finally, Plaintiff faults Judge LeBlanc for denying him a bond reduction and for disregarding the presumption of innocence to which he is entitled given the facts of the case. (*Id.*). For these transgressions, Plaintiff seeks an unspecified amount of compensation and his release from prison. (*Id.* at p. 6).

Initially, the Court is required to examine Plaintiff's complaint to determine whether the allegations presented therein, if proven, would undermine the constitutional validity of his state-court conviction or confinement.  When a state prisoner attacks the very fact or length of his confinement, the appropriate cause of action is a petition for writ of habeas corpus even though the facts of the complaint might otherwise be sufficient to state a claim under 42 U.S.C. §1983.  *Caldwell v. Line*, 676 F.2d 494 (5th Cir. 1982); *Richardson v. Fleming*, 651 F.2d 366 (5th Cir. 1981); *Johnson v. Hardy*, 601 F.2d 172 (5th Cir. 1979).  Where the exclusive initial remedy is for habeas corpus relief, exhaustion of state-court remedies is required, a requirement that applies to both pre-trial and post-conviction habeas proceedings.  *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198 (1982); *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827 (1973); *Dickerson v. State of Louisiana*, 816 F.2d 220, 225 (5th Cir.), *cert. denied*, 484 U.S. 956, 108 S.Ct. 352 (1987).  The exhaustion requirement is satisfied only where a prisoner's grounds for federal habeas corpus relief were previously presented to the state's highest court in a procedurally proper fashion.  *Knox v. Butler*, 884 F.2d 849, 852 n. 7 (5th Cir. 1989), *cert. denied*, 494 U.S. 1088, 110 S.Ct. 1828 (1990); *Dupuy v. Butler*, 827 F.2d 699, 702 (5th Cir. 1988).

Plaintiff alleges that he was arrested and continues to be held in custody based upon insufficient evidence that was poorly investigated, that he was wrongfully denied a bond reduction, and that his constitutional right to the presumption of innocence has been abridged.  These allegations clearly challenge the fact and duration of Plaintiff's confinement which must initially be pursued on habeas corpus grounds, but only after he has exhausted available state-court remedies with respect to them.  *Hernandez v. Spencer*, 780 F.2d 504, 505 (5th Cir. 1986).  In that regard, Plaintiff indicates on the face of his

complaint, in answer to Question No. I(A) of the pre-printed §1983 complaint form, that he has not initiated any other lawsuits in state or federal court dealing with the same facts that are involved herein or otherwise relating to his imprisonment. (Rec. doc. 4-1, p. 1). Accordingly, insofar as the instant matter can be construed as a request for habeas corpus relief it should be dismissed without prejudice for failure to exhaust available state-court remedies. *McGrew v. Texas Board & Paroles*, 47 F.3d 158, 161 (5th Cir. 1995).

The Court must next determine whether any valid §1983 claims are raised by Plaintiff's complaint. For the reasons that follow, the Court answers that question in the negative. As to the first-listed Defendant, police departments of cities like the TPD are not legal entities capable of being sued under Louisiana law. *Clark v. Thibodaux City*, 787 Fed.Appx. 198, 202 (5th Cir. 2019); *Boice-Durant v. Kenner Police Dept.*, No. 12-CV-0603, 2013 WL 1335643 at *1 n. 5 (E.D. La. Mar. 29, 2013); *Boudreaux v. Bourgeois*, No. 98-CV-3809, 1999 WL 804080 at *3 (E.D. La. Oct. 7, 1999). The same is true with respect to the LPDAO as "Louisiana law does not permit a district attorney's office to be sued in its own name. Rather, it requires that the claim be brought against the district attorney in his official capacity." *Hudson v. City of New Orleans*, 174 F.3d 677, 680 (5th Cir.), *cert. denied*, 528 U.S. 1004, 120 S.C. 498 (1999) (citations omitted); *Boyle v. 22nd Judicial District Attorney's Office*, No. 14-CV-0855, 2014 WL 4072114 at *2 (E.D. La. Aug. 13, 2014); *Rinker v. New Orleans District Attorney*, No. 10-CV-0810, 2010 WL 2773236 at *4 (E.D. La. Jun. 15, 2010), *adopted*, 2010 WL 2773383 (E.D. La. Jul. 12, 2010). Even construing Plaintiff's §1983 claim as having been brought against the District Attorney in his official capacity, Plaintiff fares no better because he does not allege, much less identify, a policy or custom which allegedly caused the deprivation of his constitutional rights. *Rinker*, 2010 WL

2773236 at *4-5 (citing *Murray v. Town of Mansura*, 76 Fed.Appx. 547, 549 (5th Cir. 2003) and *Treece v. Louisiana*, 74 Fed.Appx. 315, 316 (5th Cir. 2003)).

Turning to Judge LeBlanc, the alleged conduct of which Plaintiff complains concerns the manner in which the Judge handled a case pending before him, namely, Plaintiff's state-court criminal proceeding. Such conduct is clearly judicial in nature, triggering the application of judicial immunity. *Jones v. Judge of the 129th, Harris County District Court*, 113 Fed.Appx. 603, 604 (5th Cir. 2004)(citing *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994)). As such, plaintiff's §1983 claim against Judge LeBlanc in his individual capacity falters due to the absolute judicial immunity that the Judge enjoys. *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099 (1978); *Graves v. Hampton*, 1 F.3d 315, 317-18 (5th Cir. 1993). Further, any such claim brought against Judge LeBlanc in his official capacity fails for two reasons. First, the Judge is a state official and state officials acting in that capacity are not considered to be "persons" within the meaning of §1983. *Washington v. Louisiana*, No. 09-CV-3186, 2009 WL 2015556 at *5 (E.D. La. June 30, 2009). Second, because an official-capacity claim against the Judge is, in reality, a claim against the state itself, any such claim is barred by the Eleventh Amendment. *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 188 (5th Cir. 1986); *Doris v. Van Davis*, No. 08-CV-4138, 2009 WL 382653 at *2 (E.D. La. Feb. 12, 2009). For all these reasons, it will be recommended that Plaintiff's §1983 claims against the named Defendants be dismissed as frivolous and for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii), 28 U.S.C. §1915A(b)(1), and 42 U.S.C. §1997e(c)(1).

**RECOMMENDATION**

For the foregoing reasons, IT IS RECOMMENDED that Plaintiff's complaint, insofar as it can be construed as a request for habeas corpus relief, be dismissed without prejudice for failure to exhaust available state court remedies.

IT IS FURTHER RECOMMENDED that Plaintiff's §1983 claims against the named Defendants be dismissed as frivolous and for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii), 28 U.S.C. §1915A(b)(1), and 42 U.S.C. §1997e(c)(1).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).[1]

New Orleans, Louisiana, this  8th  day of        June        , 2021.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[1] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.