UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ALJYROSS LAURE SMITH                                    CIVIL ACTION

VERSUS                                                  No.: 21-947

THIBODAUX POLICE DEPARTMENT, ET AL.                     SECTION: "J"(5)

**O R D E R**

This matter is before the Court on the Magistrate Judge's Report and Recommendation, which recommends dismissing the complaint for failure to exhaust state court remedies, as frivolous, and for failure to state a claim upon which relief can be granted. Plaintiff has filed a *Motion for Extension of Time* **(Rec. Doc. 8)** and a *Motion to Amend the Complaint* **(Rec. Doc. 9)**. Plaintiff requests additional time to submit documents from his state court criminal proceedings and "for the time it takes to move thru [sic] the state courts." (Rec. Doc. 8, at 1). Plaintiff's proposed amended complaint adds additional allegations concerning his innocence of the offense he is charged with in state court, a Miranda violation during his interrogation, and ineffective assistance of his retained criminal counsel.

Assuming that these allegations are true, Plaintiff has not shown that he has exhausted his available state court remedies, to the extent that his complaint sounds in habeas, and he still fails to state a claim under 42 U.S.C. § 1983 for the reasons stated by the Magistrate Judge. Additionally, an extension of time is not warranted at this point, as Plaintiff may simply refile his habeas claims after exhausting his state court remedies. Therefore, the Court hereby approves the Magistrate Judge's

Report and Recommendation and adopts it as its opinion herein, except to the extent that it found Plaintiff's claims to be frivolous.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Motion for Extension of Time* **(Rec. Doc. 8)** and *Motion to Amend the Complaint* **(Rec. Doc. 9)** are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's complaint, insofar as it can be construed as a request for habeas corpus relief, is dismissed without prejudice for failure to exhaust available state court remedies. Plaintiff may refile his complaint after exhausting state court remedies.

**IT IS FURTHER ORDERED** that Plaintiff's § 1983 claims against the named Defendants are dismissed for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1).

New Orleans, Louisiana, this 8th day of July, 2021.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE